UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:25-cr-00019-wks |
| | ) | |
| | ) | |
| GARETH WEST, ET AL. | ) | |

**GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)**

The United States of America, by and through undersigned counsel, hereby respectfully moves this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by 18 U.S.C. § 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable for the government to provide timely notice as described in subsection 3771(a).[1]

The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings, 18 U.S.C. § 3771(a)(2), and the "right to be informed in a timely manner of any plea bargain or deferred prosecution agreement[,]" 18 U.S.C. § 3771(a)(9). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime . . . make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights,

[1] The government will be filing a similar motion in the related case of *United States v. Evangelos Lohaitis, et al.*, 2:25-cr-00133-wks.

18 U.S.C. § 3771(b)(1). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e). The Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

## I. <u>Background</u>

As alleged in the Indictment, from about the summer of 2021 to June 4, 2024, a group of individuals residing in Canada conspired to defraud elderly individuals in the District of Vermont and elsewhere in the United States out of more than $21 million USD through a "Grandparent Scam" involving phone calls made from call centers in and around Montreal, Canada. During the phone calls, a person claiming to be the elderly victim's "grandchild" asked for "bail money" in connection with a supposed arrest. The "grandchild" subsequently handed the phone to a person posing as an "attorney" who typically informed the elderly victim that a "bail bondsman" would come to the victim's home to pick up the "bail money." This money was later moved to Canada via cash deliveries and financial transactions, sometimes involving cryptocurrency, which obscured the source of the money and the identities of conspirators. To date, the investigation has identified approximately 600 statutory victims of

this multi-year conspiracy. The government anticipates that there are additional victims who have not yet been identified and sadly, other victims that have passed away, leaving representative victims in their place, *see* 18 U.S.C. § 3771(b)(2)(B)(i)).

## II. <u>Notification Efforts To Date</u>

In late March 2026, in connection with the March 24, 2026 arraignment of defendant Jimmy Ylimaki, *see* ECF No. 53, the United States Attorney's Office for the District of Vermont (USAO-DVT) issued initial notification letters to the approximately 600 statutory victims with the assistance of the Department of Justice's Victim Notification System contractor and the Mega Victim Case Assistance Program with the Executive Office for United States Attorneys ("MCAP"). Simultaneously, the government coordinated with MCAP, to have this case featured on the Department of Justice website for large cases. *See* https://www.justice.gov/information-victims-large-cases. The government also created a webpage for this case on the USAO-DVT website. *See* https://www.justice.gov/usao-vt/case/united-states-v-gareth-west-et-al. The initial notification letters included links to both the Department of Justice and USAO-DVT websites and explained that additional information related to this matter could be found on those pages.

## III. <u>Proposed Notification Procedures</u>

The number of victims and the likelihood that the government will continue to identify victims, coupled with the added complexities of potential representative victims, makes compliance with the notification requirements outlined in 18 U.S.C. §§ 3771(a), (b) and (c) impracticable. For example, under the Act, victims have the right to be notified of initial appearance, arraignment, and any motion requesting detention. Even if these hearings occur on the same day, as is common, given the number of defendants here, the government would need

to issue approximately 14,400[2] letters during this early stage of litigation alone. Neither the government nor the Court has the resources to accord all the victims in this case notice by letter. For these reasons, the government requests to use the USAO-DVT website, included above, to notify victims.

Subject to Court's approval, the government plans to issue a second notification letter to the identified victims. This second notification letter would, among other items, reiterate that information about this case is available on the Department of Justice and USAO-DVT websites, as well as respond to the most frequently asked questions that the government has received since the initial notification letter was sent in late March 2026. Critically, the second notification letter will also make clear that if the victim affirmatively responds that they do not have access to the Internet, the government will continue to provide that victim with letter notifications.

The government is working to update the USAO-DVT website to create a more robust webpage for victims by, among other things, adding updates on the status of the case, certain court documents, relevant press releases, and information on the Act and resources. The government will continue to update the USAO-DVT webpage throughout the pendency of this case.

Courts across the country have routinely granted similar motions in cases involving large or unknown victim populations. *See United States v. Post, et al.*, 4:22-cr-00004-RRB, ECF Nos 41, 42 (Sept. 1, 2022 D. Alaksa); *United States v. Smith*, 3:21-cr-00047-JAM, ECF Nos. 33, 35 (April 16, 2021 D. Conn.); *United States v. Shuklin, et al.*, 1:18-cr-00109-DRC, ECF No. 219 (Nov. 1, 2021 S.D. Ohio). An example of a highly effective website that will serve as a model

[2] Approximately 600 statutory victims, multiplied by 24 remaining defendants to appear, equals 14,400 letters that the government would need to issue at the initial stage of litigation.

for the government's efforts, if this Motion is granted, is available here: https://www.justice.gov/usao-ndca/us-v-daniel-schatt-and-joseph-podulka-24-cr-00243-wha-and-us-v-james-alexander-24-cr

**IV. Conclusion**

Based on the foregoing, the government requests the Court grant the Motion to allow the government to use the alternative notification procedures outlined above.

Dated at Burlington, in the District of Vermont, on May 21, 2026.

Respectfully submitted,

UNITED STATES OF AMERICA

JONATHAN A. OPHARDT
First Assistant United States Attorney

By: */s/ Michelle Arra*
NATHANAEL T. BURRIS
MICHELLE M. ARRA
Assistant United States Attorneys
P.O. Box 570
Burlington, VT 05401
Phone: (802) 951-6725
michelle.arra@usdoj.gov